UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:        -CIV-

RICARDO QUIROGA,

    Plaintiff,

v.

BONAFIDE BAKERY & COFFEE, LLC.
a Florida Corporation, and MARIA F. OLIVERA,
an individual,,

    Defendants.
_____/

## PLAINTIFF'S COMPLAINT

Plaintiff, RICARDO QUIROGA (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendants, BONAFIDE BAKERY & COFFEE, LLC., a Florida Corporation, (hereafter referred to as "BONAFIDE BAKERY") and MARIA F. OLIVERA, and individual (hereafter referred to as "OLIVERA") (collectively referred to as "Defendants") stating as follows:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs, and attorney's fees for willful violations of overtime wages under the laws of the United States and the Fair Labor Standards Act, as amended, 29 U.S.C. §2-1 *et seq.* (hereafter referred to as "FLSA").

### PARTIES

2. Plaintiff, RICARDO QUIROGA, is an adult male who presently resides in Miami, Miami-Dade County, Florida.

3. Defendant, BONAFIDE BAKERY, a Florida Corporation did at all material times, conduct substantial and continuous business in the Southern District of Florida. BONAFIDE BAKERY is located at 1617 NE 163rd Street North Miami Beach, FL 33162.

4. Defendant, OLIVERA, is an adult female who presently resides in Miami-Dade County, Florida and who the president of BONAFIDE BAKERY and has control over the day to day operations of same.

5. At all times material hereto, Plaintiff is and continuous to be a resident of Miami, Miami-Dade County Florida and was an "employee" of Defendants within the meaning of the FLSA.

6. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

7. At all times material hereto, Defendants are and continue to be an "employer" within the meaning of the FLSA.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over this suit pursuant to 29 U.S.C. §216 and 28 U.S.C. §1331.

9. Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Miami-Dade County.

## FACTUAL ALLEGATIONS

10. On or about March 2017, Plaintiff was hired as cook by Defendants.

11. On or about September 22, 2018, Plaintiff no longer worked for Defendants.

12. Plaintiff was given a weekly wage of $1,165.00 or $15.12 per hour.

13. Between March of 2017 and September 22, 2018, Plaintiff worked approximately seventy- seven (77) hours per week.

14. Plaintiff worked in excess of forty (40) hours per week, but was not paid at the rate of time-and-one-half his hourly rate.

15. Although Defendants were able to keep track of hours worked by Plaintiff, Defendants failed to pay Plaintiff an overtime rate when working in excess of forty (40) hours a week.

16. Plaintiff should have been paid an hourly, non-exempt rate during the entire course of his employments with Defendants.

17. Plaintiff is still owed for his overtime work completed from March 2017 to September 22, 2018.

## COUNT I
## Violation of 29 U.S.C. §207 (Unpaid Overtime)

18. Plaintiff re-alleges and re-incorporates paragraphs 1- 17 as fully alleged herein.

19. As of March 2017, in addition to Plaintiff's normal, regular work week, Plaintiff worked additional hours in excess of forty (40) per week which he was not compensated at the statutory rate of time and one-half.

20. Plaintiff was entitled to be paid at the rate of time and one-half for the hours he worked in excess of the maximum hours provided for in the FLSA.

21. Defendants failed to pay Plaintiff's overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

22. At all times, Defendants willfully employed Plaintiff for many work weeks longer than forty hours, and failed and refused to compensate Plaintiff for such work in excess of

forty hours at rates no less than one and one-half times the regular rate at which he was employed.

23. As a result of the unlawful acts by Defendants, Plaintiff and all persons similarly situated to him have been deprived of minimum wages in the amount of $22,657.32 and is entitled to recovery of liquidated damages in the same amount plus reasonable attorney's fees and costs.

24. Defendants remain owing Plaintiff overtime wages and Plaintiff is entitled to recover double damages pursuant to the FLSA.

25. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to him are in the possession and custody of Defendants.

26. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

27. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

28. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff has suffered damages in the amount of $22,651.32 plus an equal amount as liquidated damages.

29. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in their favor against Defendants:

   a. Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

   b. Awarding Plaintiff overtime compensation in the amount calculated;

   c. Awarding Plaintiff liquidated damages in the amount calculated;

   d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   e. Awarding Plaintiff post-judgment interest; and

   f. Ordering any other and further relief this Court deems to be just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223